Kristin L. Holland (SBN 187314)
Tiffany J. Hofeldt (SBN 228864)
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310.788.4400
Facsimile: 310.788.4471

Floyd A. Mandell (SBN 1747681)
Cathay Y. N. Smith (SBN 6290784)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: 312.902.5200
Facsimile: 312.902.1061

Ira P. Rothken (SBN 160029)
**ROTHKEN LAW FIRM LLP**
3 Hamilton Landing
Suite 280
Novato, CA 94949
Telephone: 415.924.4250
Facsimile: 415.924.2905

**NOTE CHANGES MADE BY THE COURT**

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXBURY ENTERTAINMENT, a California corporation, | Case No. CV 08-03872 FMC JWJx |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | CHAMBERS COPY |
| PENTHOUSE MEDIA GROUP, INC., a Nevada corporation; PENTHOUSE DIGITAL MEDIA PRODUCTIONS, INC., a New York corporation; PULSE DISTRIBUTION, LLC, a California LLC; and 1-10, inclusive, | |
| Defendants. | |

WHEREAS, the parties to this action having agreed, through their respective counsel, to the entry of the following Protective Order ("Protective Order") pursuant to Rule 26(c) of the Federal Rule of Civil Procedure,

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff Roxbury Entertainment ("Plaintiff") and defendants Penthouse Media Group, Inc., Penthouse Digital Media Productions, Inc., and Pulse Distribution, LLC (collectively "Defendants") and any other party to this action or any nonparty from whom discovery is sought may designate materials, documents, things, or other information or evidence contemplated under Rules 26-37, and 45 of the Federal Rules of Civil Procedure produced or provided in this case through discovery as: (i) "CONFIDENTIAL," including without limitation, deposition testimony, answers to requests for admissions, answers to interrogatories, and documents or things which contain, include, constitute, refer, or relate to confidential, proprietary, or competitively sensitive customer information or other business information ("CONFIDENTIAL Materials"); or (ii) "CONFIDENTIAL - COUNSEL AND EXPERTS ONLY," including without limitation, deposition testimony, answers to requests for admissions, answers to interrogatories, and documents or things which contain, include, constitute, refer, or relate to highly confidential, proprietary, or competitively sensitive research and/or development information, financial information, trade secrets, customer information or other business information ("CONFIDENTIAL - COUNSEL AND EXPERTS ONLY Materials").

2. Any such designated CONFIDENTIAL or CONFIDENTIAL - COUNSEL AND EXPERTS ONLY Materials shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL AND EXPERTS ONLY" and subject to the

provisions of this Protective Order. Copies of CONFIDENTIAL or CONFIDENTIAL - COUNSEL AND EXPERTS ONLY Materials and any receiving party's summary, compilation, or expression in another medium of these materials are protected under this Protective Order to the same extent as the original CONFIDENTIAL or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials. No party or nonparty shall designate material as "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL AND EXPERTS ONLY" unless counsel for the producing party or nonparty believes in good faith that the designated material is entitled to protection under Federal Rule of Civil Procedure 26(c)(7) and that the designated material is not already available to the general public.

3. Whenever a party or nonparty herein designates documents, things, or other information as CONFIDENTIAL Materials or CONFIDENTIAL-COUNSEL AND EXPERTS ONLY Materials, such must be stamped or marked prior to its release to the receiving party as "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL AND EXPERTS ONLY." The protocol for designating deposition testimony as "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL AND EXPERTS ONLY" is set forth in ¶8 below.

4. Access to CONFIDENTIAL Materials that are designated "CONFIDENTIAL," copies thereof, and the information they contain or reflect shall

be strictly limited to the following persons who agree to be bound by the terms of this Protective Order:

(a) Counsel, including in-house counsel, for the respective parties and such counsel's associates, paralegals, clerical employees and outside copy service providers ("Counsel");

(b) The Court, court employees, court reporters, stenographic reporters, and videographers;

(c) Potential witnesses or deponents who are presently or were formerly employed with the receiving party and who are or were familiar with the content of the CONFIDENTIAL Materials to be disclosed to them during their testimony or deposition, including any witness or deponent who is indicated on the face of the document to be its originator, author, or recipient of a copy of the document provided such witnesses or deponents execute an "Acknowledgment to Be Bound By Protective Order" as set forth in Exhibit A prior to reviewing such CONFIDENTIAL Materials;

(d) For purposes of cross-examination only, Counsel for a party may use CONFIDENTIAL Materials at a deposition without first identifying the specific CONFIDENTIAL Material which he or she plans to show to the witness or deponent, provided such witnesses or deponents execute an "Acknowledgment to Be Bound By Protective Order" as set forth in Exhibit A prior to reviewing such CONFIDENTIAL Materials, or in the event such witness refuses to execute the "Acknowledgement to Be Bound By Protective Order," the CONFIDENTIAL Materials may be shown to the

witness at deposition and attached to the transcript, which shall be designated CONFIDENTIAL;

(e) The parties' bona fide independent (i.e., not previously, not presently, or presently planning to become, employed by or affiliated with a party or an affiliated company of a party) outside consultants or experts who are retained solely for the purposes of this litigation and who are not and have no present plans to be employed or engaged by or affiliated with a competitor of the producing party provided such outside consultants or experts execute an "Acknowledgment to Be Bound By Protective Order" as set forth in Exhibit A prior to reviewing such CONFIDENTIAL Materials;

(f) The officers, directors, partners and employees of the parties, as counsel in good faith requires to provide assistance in the conduct of this action (and for no other purpose);

(g) Any other person to whom Plaintiff, Defendants, and any nonparty who executed the Protective Order and then produced documents designated pursuant to the Protective Order agree in writing shall have access; and

(h) Any other person to whom the Court directs shall have access.

5. Access to materials that are designated "CONFIDENTIAL - COUNSEL AND EXPERTS ONLY," copies thereof, and the information they contain or reflect shall be strictly limited to the following persons who will be advised of this Protective Order and agree to be bound by the terms of this Protective Order:

(a) Counsel, including in-house counsel;

(b) The Court, court employees, court reporters, stenographic reporters, videographers, and outside copy service providers;

(c) The parties' bona fide independent (i.e., not previously, not presently, planning to become, employed by or affiliated with a party or an affiliated company of a party) outside consultants or experts retained solely for the purposes of this litigation and who are not and have no present plans to be employed or engaged by or affiliated with a competitor of the producing party provided such outside consultants or experts execute an "Acknowledgment to Be Bound By Protective Order" as set forth in Exhibit A prior to reviewing such CONFIDENTIAL - COUNSEL AND EXPERTS ONLY Materials;

(d) Potential witnesses or deponents who are specifically named in the CONFIDENTIAL - COUNSEL AND EXPERTS ONLY Materials, who are or were familiar with the content of the CONFIDENTIAL - COUNSEL AND EXPERTS ONLY Materials to be disclosed to them during their possible testimony or deposition including any witness or deponent who is indicated on the face of the document to be its originator, author, or recipient of a copy of the document provided such witnesses or deponents execute an "Acknowledgment to Be Bound By Protective Order" as set forth in Exhibit A prior to reviewing such CONFIDENTIAL - COUNSEL AND EXPERTS ONLY Materials;

Case 2:08-cv-03872-JHN-FMO   Document 31   Filed 12/02/08   Page 7 of 19   Page ID #:468

(e)     Any other person to whom Plaintiff, Defendants, and any nonparty who executed the Protective Order and then produced documents designated pursuant to the Protective Order agree in writing shall have access; and

(f)     Any other person to whom the Court directs shall have access.

6.      Persons described in ¶5(d) above affiliated with the receiving party, except for outside consultants and experts of the receiving party, shall have access to all CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials in accordance with the following procedures:

(a)     All CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials and copies thereof shall be retained and reviewed within Counsel's offices by all persons described in ¶5(d) above; and

(b)     Persons described in ¶5(d) above shall not review or otherwise receive CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials or copies thereof outside of the offices of Counsel.

7.      If documents or other materials containing or embodying CONFIDENTIAL Materials and/or CONFIDENTIAL-COUNSEL AND EXPERTS ONLY Materials are filed with the Court, they shall be filed under seal and prominently marked as follows:

CONFIDENTIAL (AND/OR CONFIDENTIAL - COUNSEL AND EXPERTS ONLY) - FILED UNDER SEAL IN ACCORDANCE WITH A PROTECTIVE ORDER ENTERED ON [DATE], THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL (AND/OR CONFIDENTIAL - COUNSEL AND EXPERTS ONLY)

7
STIPULATED PROTECTIVE ORDER

## AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN THE PROTECTIVE ORDER.

8. In the event that a question is asked at a deposition that calls for or results in the disclosure of CONFIDENTIAL Materials and/or CONFIDENTIAL - COUNSEL AND EXPERTS ONLY Materials, counsel for the party claiming such confidentiality may designate the question and answer as "CONFIDENTIAL" and/or "CONFIDENTIAL - COUNSEL AND EXPERTS ONLY" by making, at the deposition, a statement on the record so designating such portions, and shall direct the reporter to place such designated CONFIDENTIAL Materials and/or CONFIDENTIAL-COUNSEL AND EXPERTS ONLY Materials on separate transcript pages prominently marked with the legend "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL AND EXPERTS ONLY," as appropriate. Regardless of whether notice was given at the deposition, deposition transcripts shall be treated as "CONFIDENTIAL - COUNSEL AND EXPERTS ONLY" under ¶1 of this Protective Order for five (5) business days after delivery of the transcript to the parties. Counsel for the deponent shall have five (5) business days after receipt of the deposition transcript within which to inform the deposing party of the portions of the transcript (by specific page and line numbers) to be designated as "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL AND EXPERTS ONLY" as appropriate. Subject to ¶13 below, designation of confidentiality is waived after the expiration of the five-day period, unless designated at the time of the deposition or within the five-day

8
STIPULATED PROTECTIVE ORDER

period, or otherwise stipulated or ordered. Any person present at a deposition who has not signed an "Acknowledgment to Be Bound By Protective Order" and is not authorized to receive or otherwise review "CONFIDENTIAL" Materials and/or "CONFIDENTIAL - COUNSEL AND EXPERTS ONLY" Materials shall not be permitted to hear testimony designated as "CONFIDENTIAL" and/or "CONFIDENTIAL - COUNSEL AND EXPERTS ONLY," as appropriate, and shall be required to leave the deposition during such testimony.

9. Every person, firm, or organization receiving CONFIDENTIAL Materials and/or CONFIDENTIAL - COUNSEL AND EXPERTS ONLY Materials pursuant to this Protective Order (a) shall use the same solely for purposes of this action, (b) shall not use the same for any business, commercial, or competitive purpose, and (c) agrees to subject himself/herself/itself to jurisdiction of this Court for the purpose of any proceeding relating to performance under, compliance with, or violation of this Protective Order. The District Court for the Central District of California shall retain jurisdiction to enforce this Protective Order even after termination of this action. This Protective Order, however, in no way operates to restrict the disclosure or use of any information which (a) was, is, or lawfully becomes publicly available other than through violations of this Protective Order; (b) was or is acquired by a party from a third party having the right to disclose such information to the recipient; or (c) was lawfully possessed by the non-designating party prior to entry by the Court of the Order.

10. Nothing in this Protective Order shall prejudice any party from seeking amendments to this Protective Order that broaden or restrict the rights of access to and use of CONFIDENTIAL Materials and/or CONFIDENTIAL-COUNSEL AND EXPERTS ONLY Materials.

11. Each party reserves the right to dispute the designation of CONFIDENTIAL Materials as "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL AND EXPERTS ONLY" by any other party or nonparty in accordance with this Protective Order. Each party also reserves the right to dispute the redaction of any portion of CONFIDENTIAL Materials and/or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials by any other party or nonparty. The parties shall first try to resolve any such dispute relating to designations or redactions on an informal basis before presenting the dispute to the Court. Any party believing that any information, documents, or things have been inappropriately designated by another party as "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL AND EXPERTS ONLY" or have been inappropriately redacted shall inform counsel for the party or nonparty making the designation or redaction, in writing. If the parties (and nonparty, if applicable) are unable to resolve the matter informally, in compliance with applicable Local Rules, the party objecting to the designation or redaction may then file an appropriate motion with the Court. Until and unless the Court may finally determine that such documents, information, or materials are not properly designated as "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL AND EXPERTS ONLY"

or redacted pursuant hereto, the same shall continue to be treated as "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL AND EXPERTS ONLY" and shall remain redacted in accordance with the terms of this Protective Order. The producing and/or redacting party has the burden of demonstrating the item redacted and/or of protected subject matter contains confidential information of such nature as to justify its redaction and/or designated status and shall make CONFIDENTIAL or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials and/or redacted materials available to the Court in camera for its review and evaluation, but shall not be required to file such CONFIDENTIAL or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials and/or documents in an unredacted form

12. Except as stated herein, by making documents, things, and other information designated as CONFIDENTIAL Materials and/or CONFIDENTIAL-COUNSEL AND EXPERTS ONLY Materials available for use in this action, neither Plaintiff nor Defendants have waived or compromised the confidentiality or protectability of the information or documents. Neither the taking of any action in accordance with the provisions of the Protective Order, nor the failure to object thereto, shall in any way prejudice any claim or defense in this proceeding or any right of a third party.

13. If a producing party realizes it has inadvertently produced a document it considers to be "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL AND

EXPERTS ONLY" without marking it as "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL AND EXPERTS ONLY," it may contact the receiving party and notify it of such inadvertent production. The "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL AND EXPERTS ONLY" document will thereafter be treated by the receiving party as "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL AND EXPERTS ONLY," and will be subject to the terms of this Protective Order. The producing party shall promptly thereafter produce a marked copy of the document and the receiving party shall return or destroy unmarked copies and attempt to retrieve any unmarked copies from all individuals who received an unmarked copy. A producing party must notify the receiving party of its inadvertent disclosure at least two weeks before the close of fact discovery or the confidentiality of the document will be waived.

14. If a producing party realizes it has inadvertently produced a document it considers to be covered by the attorney-client privilege, work product immunity, or other applicable privilege or immunity it may contact the receiving party and notify it of such inadvertent production. Such inadvertent disclosure shall not constitute a waiver of any privilege or immunity if the producing party:

(a) notifies the receiving party in writing of the delivery of inadvertently produced documents; and

(b) identifies the produced documents:

  (i) by either Bates stamp number designations; or

  (ii) by the date(s) of the document(s), the name(s) of its author(s) and the name(s) of each person to whom the document(s) were addressed.

15. Upon receipt of the written notice required in ¶14 above, the receiving party will have ten (10) days within which it shall return to the producing party the inadvertently produced privileged documents, and all copies thereof, and all notes made regarding such documents must be immediately destroyed, unless the parties mutually agree upon a longer time for return and destruction of the privileged documents. No use shall be made of such inadvertently produced materials during a deposition, hearing, mediation or at trial, nor shall such materials be shown to anyone (unless the person has already been given access to it) subsequent to the request for its return.

16. Within six months or 180 days (whichever is lesser) after conclusion of this action, whether by settlement or by final, non-appealed, decision, all CONFIDENTIAL Materials and/or CONFIDENTIAL-COUNSEL AND EXPERTS ONLY Materials and all documents that reflect such information (except as provided below) shall be (i) delivered to the party or nonparty that furnished such materials or (ii) in lieu of delivery to the furnishing party or nonparty, destroyed, in which event Counsel shall give written certification of such destruction to Counsel for the party or nonparty producing the CONFIDENTIAL Materials and/or CONFIDENTIAL-COUNSEL AND EXPERTS ONLY Materials. In no event shall a party retain a copy

of the CONFIDENTIAL Materials and/or CONFIDENTIAL-COUNSEL AND EXPERTS ONLY Materials produced to it, except that Counsel may keep one complete set of pleadings and discovery materials containing CONFIDENTIAL Materials and/or CONFIDENTIAL-COUNSEL AND EXPERTS ONLY Materials for archival purposes. Furthermore, nothing in this Protective Order requires the return of CONFIDENTIAL Materials and/or CONFIDENTIAL-COUNSEL AND EXPERTS ONLY Materials filed with the Court.

*The court and its personnel shall not be subject to the provisions of this order.*

Entered As An Order Of This Court This 2nd Day Of December, 2008

_____
Judge

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS]

ROXBURY ENTERTAINMENT,
a California corporation

By: /s/ *Kirk M. Hallam*
One of Their Attorneys

Kirk M. Hallam (SBN 108975)
**LAW OFFICES OF KIRK M. HALLAM**
201 Wilshire Boulevard, 2nd Floor
Santa Monica, CA 90401
Telephone: 310.393.4006
Facsimile: 310.393.4662

PENTHOUSE MEDIA GROUP INC. a Nevada corporation, n/k/a FriendFinder Networks Inc.; PENTHOUSE DIGITAL MEDIA PRODUCTIONS, INC., a New York corporation; PULSE DISTRIBUTION, LLC, a California LLC

By: /s/
One of Their Attorneys

Kristin L. Holland (SBN 187314)
Tiffany J. Hofeldt (SBN 228864)
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone: 310.788.4400
Facsimile: 310.788.4471

Floyd A. Mandell (SBN 1747681)
Cathay Y. N. Smith (SBN 6290784)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: 312.902.5200
Facsimile: 312.902.1061

Ira P. Rothken (SBN 160029)
**ROTHKEN LAW FIRM LLP**
3 Hamilton Landing
Suite 280
Novato, CA 94949
Telephone: 415.924.4250

15
STIPULATED PROTECTIVE ORDER

Facsimile: 415.924.2905

## Exhibit A

### ACKNOWLEDGEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby acknowledge that I am to receive documents, things, or information designated as CONFIDENTIAL or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY pursuant to the terms of the Stipulated Protective Order ("that Protective Order") in *Roxbury Entertainment v. Penthouse Media Group, Inc. et al*, (Case No. CV 08-03872) in the United District Court for the Central District of California. I acknowledge receipt of a copy of that Protective Order, and certify that I have read it and that I agree to be bound by the terms and restrictions therein.

I further agree that any document, thing, or other information designated as CONFIDENTIAL or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY pursuant to that Protective Order, and which is delivered to me, will be segregated and kept by me in a safe place, and will not be made known to others except in accordance with the terms of that Protective Order. I further understand and agree that any summaries or other materials containing information obtained from CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials furnished to me also shall be treated by me in accordance with the terms of that Protective Order. I further agree to notify any stenographic or clerical personnel or employees who are required to assist me of the terms of that Protective Order. I also agree to dispose of all such CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials and all summaries or other materials containing information therefrom in such manner as I may be instructed after completing my services. I acknowledge that the return or subsequent destruction of such materials shall not relieve me from any of the obligations imposed by that Protective Order.

I hereby agree to be subject to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of that Protective Order. I further acknowledge that I understand that I may be subject to sanctions imposed by the Court, including an order of contempt, if I fail to abide by and comply with that Protective Order.

Signature: _____    Date: _____

Name: _____    Business Address: _____

Title: _____    Phone: _____

**Cornejo, Kathy**

| | |
|---|---|
| From: | ecf-helpdesk@cacd.uscourts.gov |
| Sent: | Monday, November 24, 2008 5:24 PM |
| To: | Cornejo, Kathy |
| Subject: | PROPOSED ORDER: 08-03872 |
| Attachments: | Stipulated Protective Order.DOC; Stipulated Protective Order.pdf |

  

Stipulated   Stipulated
rotective Order.DO.'rotective Order.pd..

```
*** ATTORNEY COPY ***


===================================================
This is an automatically generated email, please
do not respond.
===================================================
```

1

# Stipulation

2:08-cv-03872-FMC-JWJ Roxbury Entertainment v. Penthouse Media Group, Inc. et al (JWJx), DISCOVERY, MANADR

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Holland, Kristin on 11/24/2008 at 5:20 PM PST and filed on 11/24/2008

**Case Name:** Roxbury Entertainment v. Penthouse Media Group, Inc. et al
**Case Number:** 2:08-cv-3872
**Filer:** Penthouse Media Group, Inc.
Penthouse Digital Media Productions, Inc.
Pulse Distribution, LLC
**Document Number:** 30

**Docket Text:**
STIPULATION for Protective Order filed by Defendants Penthouse Media Group, Inc., Penthouse Digital Media Productions, Inc., Pulse Distribution, LLC. (Attachments: # (1) Stipulated Protective Order)(Holland, Kristin)


**2:08-cv-3872 Notice has been electronically mailed to:**

Cathay Y Smith　　cathay.smith@kattenlaw.com

Floyd A Mandell　　floyd.mandell@kattenlaw.com

Ira P Rothken　　ira@techfirm.com

Kirk M Hallam　　kmhallam@aol.com

Kristin L Holland　　kristin.holland@kattenlaw.com, kathy.cornejo@kattenlaw.com

Tiffany Hofeldt　　tiffany.hofeldt@kattenlaw.com

**2:08-cv-3872 Notice has been delivered by First Class U. S. Mail or by fax to: :**

The following document(s) are associated with this transaction:

**Document description:** Main Document

**Original filename:** Stipulated Protective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/24/2008] [FileNumber=6875544-0
] [1ec2bb1bfa55a62348f4986a5a73c902e083d2db46fb76a9a23cfeee0816e1c049c
cb980eb681cf2c661b30f069a76fe379a968eaa094cac19dd2c668f75c331]]
**Document description:** Stipulated Protective Order
**Original filename:** Stipulated Protective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/24/2008] [FileNumber=6875544-1
] [7fe8965663b5f8948ff57d0bd856ca677c50fe3cb1acd3941623b081b50131454ac
6c33a6d8f67e33ec1f15a325011b1a56fa24aa906e0c722e03b2505427c21]]