UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROXBURY ENTERTAINMENT,

Plaintiff(s),

vs.

PENTHOUSE MEDIA GROUP, INC.; PENTHOUSE DIGITAL MEDIA PRODUCTIONS, INC.; PULSE DISTRIBUTION, LLC; and DOES 1-10, inclusive,

Defendant(s).

Case No. 2:08-cv-03872-FMC-FMOx

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

The matter is before the Court on Defendants' Motion for Summary Judgment or, in the Alternative, Summary Adjudication (docket no. 135), filed on August 14, 2009, and Defendants' Motion for Partial Summary Judgment (docket no. 154), filed under seal on October 5, 2009. The Court has read and considered the moving, opposing, and reply documents submitted in connection with this motion. The Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The hearing scheduled for November 16, 2009, is removed from the Court's calendar. For the reasons and in the manner set forth below Defendants' initial Motion for Summary Judgement (docket no. 135) is GRANTED, an Defendants' second motion (docket no. 145), Motion for Partial Summary Judgment, is DENIED AS MOOT.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As has been set out in previous orders issued by the Court, this action arises out of a dispute regarding the use of the mark "Route 66" in connection with video entertainment products. Plaintiff Roxbury Entertainment is in the business of producing, acquiring and distributing entertainment content, such as television programs, DVDs, and film. Defendants Penthouse Media Group, Inc., Penthouse Digital Media Productions, Inc., and Pulse Distribution LLC (collectively "Defendants") produce, market, distribute and/or sell pornographic DVDs and films.

Except where otherwise noted, the following facts are not in dispute. In 2001, Plaintiff obtained the full rights to "Route 66" television programs and related intellectual property, encompassing rights in the registered "Route 66" trademark for use in connection with the production and sale of entertainment content, which includes episodes of the original "Route 66" television programs, remakes, sequels, feature film adaptations, and related merchandise.[1] In or about April 2008, Defendants began marketing and selling their film (in DVD format), entitled *Route 66*.[2] A photograph of two topless women, standing on a roadmap with a silhouette of a mountain range in the background, are in the foreground of the DVD packaging for Defendants' film. The word "Penthouse" appears in all capital letters (red text

---

[1] The parties do not appear to dispute that Plaintiff is the record owner of three federal trademark registrations in the mark: (1) Registration No. 3,189,543 for "re-recorded DVD's and videocassettes featuring drama, action and adventure" issued on December 26, 2006; (2) Registration No. 3,194,255 for "entertainment services, namely, entertainment in the nature of an on-going television program in the field of drama, action and adventure; television production services" issued on January 2, 2007; and (3) Registration No. 3,291, 736 for "motion picture film scenes featuring drama, action and adventure" issued on September 11, 2007. Defs' FACC at ¶ 9.

[2] The parties disagree regarding the title of the film. Defendants refer to it as "*Penthouse: Route 66*." Plaintiff maintains that "Route 66" appears prominently on the front of the DVD packaging, and "Penthouse: Route 66" only appears in small print on the back of the packaging.

outlined in white) across the top of the packaging; it is fully legible but partially obscured behind the women's heads. On the bottom third of the cover image, the phrase "Route 66" appears in a font approximately twice the size of the font in which "Penthouse" is written, with "Route" in white font outlined in red, and "66" in red font outlined in white. A California highway sign marked "66" is prominent in the background, as is another road sign. Other text incorporated into the cover image includes the names of the stars of the film, a notation that the movie is "hardcore adult entertainment," text stating "Directed by Kelly Holland," and the following phrase "get ready for the ride of your life."[3] The back cover is a collage of several sexually explicit photographs that appear to be stills from the movie; text and highway signs are also included on the back cover. The content of the film is primarily graphic sex scenes; however, the "story line" to the extent there is one, concerns a young couple fleeing some unfortunate or unlawful event. The "story" unfolds at a roadside motel, to which the couple pulls up in a red convertible in the opening scene of the movie. Subsequent dialogue indicates that the couple is traveling and is "on the run" from someone, who has sent someone to pursue them.[4]

After learning of Defendants' use of the "Route 66" mark in connection with a "hard core" pornographic film and DVD, in May 2008, Plaintiff sent a cease-and-desist letter to Defendants. Thereafter, on June 12, 2008, Plaintiff initiated this litigation, asserting the following claims: (1) violation of the Lanham Act, (2) federal trademark infringement, (3) violation of federal anti-dilution law, (4) violation of

---

[3]The names of the stars and Kelly Holland, as well as the phrase "get ready for the ride of your life," are also in a red-and-white font.

[4]Plaintiff purports to dispute the director's characterization of the movie as a sort of "road trip" film, but Plaintiff does not – and cannot – dispute the actual story line that plays out in the film. Additionally, the Court takes judicial notice of the fact that "Route 66" is associated with the notion of cross-country travel, Fed. R. Evid. 201(b)-(c), and, as a result, finds it unnecessary to grant the Request for Judicial Notice filed in support of Defendants' Motion for Summary Judgment.

state anti-dilution law, (5) common law unfair competition, (6) statutory unfair competition, and (7) unjust enrichment. Answering Plaintiff's complaint, Defendants have asserted counterclaims for: (1) cancellation of DVD/videocassette registration; (2) cancellation of TV program registration; (3) cancellation of motion picture registration; (4) false registration; (5) unfair competition (Cal. Bus. & Prof. Code §§ 17200 et seq.); and (6) common law unfair competition.[5] Defendants also assert various affirmative defenses, including unclean hands and abandonment in their Amended Answer.

On August 14, 2009, Defendants filed their initial summary judgment motion (docket no. 135), seeking summary judgment in their favor on all of Plaintiff's claims on the grounds that Defendants' use of "Route 66" in the title of their film is protected free speech under the First Amendment and the fair use doctrine. On October 27, 2009, Plaintiff filed its Opposition and then, without seeking leave of the Court or providing any explanation other than that the initial filing "contained incomplete and incorrect citations to legal authorities, Plaintiff filed a revised version thereof on October 30, 2009. On that same date, Plaintiff also lodged a Separate Statement of Genuine Issues. On November 2, 2009, Defendants filed their Reply.[6]

The Court does not address the content or merits of Defendants' second summary judgment motion (docket no. 154), filed on October 5, 2009, because it is rendered moot by the Court's granting of Defendants' initial Motion for Summary Judgment. However, the Court notes that the second motion was set for hearing on

---

[5]The Court will consider and rule on Plaintiff's Motion for Summary Judgment (docket no. 147) on Defendants' counterclaims in a separate Order.

[6]The Court received and considered the five sets of Evidentiary Objections submitted by Defendants. Defs' Reply (docket no. 175), Exs. 3-7. The Court did not rely on any inadmissible evidence in deciding these motions.

November 16, 2009, so Plaintiff's Opposition was due not later than October 26, 2009. At 11:53 p.m. on October 26, 2009, Plaintiff electronically filed a document captioned "Opposition to Motion for Partial Summary Judgment"; it was not filed or otherwise identified as an Ex Parte Application for a continuance of the hearing date or briefing schedule. To date, neither party has filed anything further in connection with the matter.

## II. APPLICABLE LEGAL STANDARD

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Where the nonmoving party will have the burden of proof at trial, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case. *See id.; see also Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000) ("In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its burden of persuasion at trial."). If the moving party meets its initial burden, the nonmoving party must then set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The substantive law governing a claim determines whether a fact is material.

*T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987); *see also Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006) ("Material facts are those which may affect the outcome of the case.") (internal citations omitted). In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 630-31; *see also Brookside Assocs. v. Rifkin*, 49 F.3d 490, 492-93 (9th Cir. 1995). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e)(1). Mere disagreement or the bald assertion that a genuine issue of material fact exists does not preclude the use of summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).

## III. DISCUSSION

With their initial Motion, Defendants move for summary judgment on all seven of Plaintiff's claims.[7] *E.S.S. Entertainment 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1101 (9th cir. 2008) [hereinafter *Rock Star*] (concluding that defendant video game creator's modification of plaintiff strip club's trademark was "not explicitly misleading and is thus protected by the First Amendment[,]" and it followed that "[s]ince the First Amendment defense applies equally to [plaintiff's] state law claims as to its Lanham Act claim, the district court properly dismissed the entire case on [defendant]'s motion for summary judgment"). Defendants identify two main lines of argument regarding the use of "Route 66" in the title of their film: (a) it is protected free speech under the First Amendment, and (2) it is a protected because it constitutes fair use. Because summary judgment is granted on First Amendment grounds, the Court does not separately consider Defendants' alternative

---

[7] Plaintiff's seventh claim, for unjust enrichment, is wholly derivative of its first six claims.

fair use argument.

The First Amendment can provide a complete defense to Lanham Act claims involving artistic works.[8] *Rock Star*, 547 F.3d at 1101. Non-commercial speech receives more robust constitutional protection than does commercial speech. *See Hoffman v. Capital Cities/ABC Inc.*, 255 F. 3d 1180, 1184 (9th Cir. 2000) (explaining that "[a]lthough the boundary between commercial and noncommercial speech has yet to be clearly delineated, the core notion of commercial speech is that it does no more than propose a commercial transaction" (internal quotation marks and citation omitted)).

It is well established that films are entitled to First Amendment protections. *U.S. v. Tupler*, 564 F.2d 1294, 1297 (9th Cir. 1977) ("films . . . presumptively protected by the First Amendment"). The Ninth Circuit's decision in *Rock Star* is especially instructive on the interplay of Lanham Act claims and the First Amendment in the context of artistic works. To evaluate the plaintiff's Lanham Act claim, the court applied the Second Circuit's *Rogers* test,[9] under which a Lanham Act claim asserted against the creator of an expressive work can succeed only if the "public interest in avoiding consumer confusion *outweighs* the public interest in free

---

[8] Although the analysis detailed here focuses on the First Amendment defense to Plaintiff's *infringement* claims, the result is the same with respect to Plaintiff's dilution claims, because Defendants' use of "Route 66" in the movie title falls within the noncommercial use exemption for federal trademark dilution claims. *See, e.g., Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 902-903 (9th Cir. 2002) (concluding that, although dilution claims are not concerned with consumer confusion (but, rather, with a weakening of the "commercial magnetism" of the mark in question), dilution claim failed because use of "Barbie" in song and its title came within the "noncommercial use" exception for claims under the Federal Trademark Dilution Act ("FTDA")).

[9] *Rogers v. Grimaldi*, 875 F.2d 994 (2nd Cir. 1989).

expression." *Id.* at 1099 (quotations and citations omitted, emphasis in original).

The *Rogers* test has two prongs. The first prong requires that the defendant's use of plaintiff's trademark be relevant to the underlying work: "the level of relevance must merely be above zero." *Id.* at 1100. If the first prong is satisfied, the Lanham Act claim is still precluded unless the use explicitly misleads consumers about the source or content of the work. *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 902 (9th Cir. 2002) (quoting *Rogers*, 875 F.2d at 999).

Because Defendants' movie is an expressive work, the *Rogers* test provides a complete defense to all of Plaintiff's claims. With respect to the first prong, Defendants' use of "Route 66" is relevant to the underlying work. *See Rock Star,* 547 F.3d at 1100 ("[T]he level of relevance must merely be above zero."). Defendants have introduced evidence demonstrating at least some relationship between the mental imagery associated with the term "Route 66," *e.g.*, road trips, cross-country travel, and the content of Defendants' movie. Plaintiff's argument that the association is tenuous does not controvert Defendants' showing.

The second prong of *Rogers* requires the Court to evaluate whether Defendants' use of "Route 66" explicitly misleads consumers as to the source or content of the work. Mere use, without more, is insufficient to make the use explicitly misleading. *Mattel,* 296 F.3d at 902. As the Ninth Circuit has explained, the relevant inquiry is whether consumers would be misled about the source or sponsorship of Defendants' movie.

> This prong of the test points directly at the purpose of trademark law, namely to "avoid confusion in the marketplace by allowing a trademark owner to prevent others from duping consumers into buying a product they mistakenly believe is sponsored by the trademark owner." *Walking Mountain*, 353 F.3d at

> 806 (internal quotation marks and alteration omitted). The relevant question, therefore, is whether the [product] would confuse [consumers] . . . . In answering that question, we keep in mind our observation in *MCA Records* that the mere use of a trademark alone cannot suffice to make such use explicitly misleading. *See MCA Records*, 296 F.3d at 902.

*Rock Star,* 547 F.3d at 1100. Here, there is nothing to indicate that there is any risk of Defendants' use of the mark "duping" consumers into thinking they are buying a product sponsored by, or in any way affiliated with, Plaintiff or the 1960s television series in which it owns rights.

Accordingly, summary judgment is GRANTED in favor of Defendants on all of Plaintiff's claims because Defendants' use of "Route 66" in or as the title of their adult film is protected by the First Amendment.

## IV. CONCLUSION

Based on the foregoing, Defendants' initial Motion for Summary Judgement (docket no. 135) is GRANTED, and Defendants' second motion (docket no. 145), Motion for Partial Summary Judgment, is DENIED AS MOOT. Counsel for Defendant is directed to prepare a Judgment for the Court's signature within ten days of the date of this Order.

**IT IS SO ORDERED.**

Dated: November 9, 2009.

FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT