# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXBURY ENTERTAINMENT, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PENTHOUSE MEDIA GROUP, INC., a Nevada corporation; PENTHOUSE DIGITAL MEDIA PRODUCTIONS, INC., a New York corporation; PULSE DISTRIBUTION LLC, a California LLC; and DOES 1 -10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. **2:08-cv-03872-JHN -FMOx**<br><br>STIPULATED FINAL JUDGMENT |

This action was scheduled for hearing on November 16, 2009, before the Honorable Florence-Marie Cooper, District Judge presiding, on the Motion for Summary Judgment, or in the Alternative, Motion for Summary Adjudication ("Motion") brought by defendants Penthouse Media Group Inc. n/k/a FriendFinder Networks Inc., Penthouse Digital Media Productions Inc., and Pulse Distribution, LLC (collectively, "Defendants") and opposed by plaintiff, Roxbury Entertainment ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Central District Local Rule 7-15, the Court deemed the matter appropriate for decision without oral argument and issued an Order and opinion on November 9, 2009 (the "Order").

Based on the Order, the Court then issued a Judgment for Defendants on December 18, 2009 (the "Judgment"), and Plaintiff filed a notice to appeal such Judgment on January 20, 2010 (the "Appeal"). On June 6, 2011, both Plaintiff and Defendants submitted to the Ninth Circuit Court of Appeals a Motion to Dismiss the Appeal with Prejudice.

As part of their compromise and settlement of this dispute, which has been resolved by a confidential Settlement Agreement, Plaintiff and Defendants have stipulated to this Proposed Final Judgment (the "Final Judgment").

SO STIPULATED:

Dated: June 6, 2011          By: /s/ KRISTIN L. HOLLAND
                                  KRISTIN L. HOLLAND (SBN 187314)
                                  Attorney for Defendants
                                  **KATTEN MUCHIN ROSENMAN LLP**
                                  2029 Century Park East, Suite 2600
                                  Los Angeles, CA 90067-3012
                                  Telephone:     310.788.4400
                                  Facsimile:     310.788.4471

Dated: June 6, 2011          By: /s/ KIRK M. HALLAM
                                  KIRK M. HALLAM (SBN 108975)
                                  Attorney for Plaintiff
                                  **Law Offices of Kirk M. Hallam**
                                  201 Wilshire Boulevard, 2nd Floor
                                  Santa Monica, California 90401
                                  Telephone:     (310) 393-4006
                                  Facsimile:     (310) 393-4662

# **FINAL JUDGMENT**

Upon submission to this Court of the Final Judgment, and after full consideration thereof, the Court finds that the Final Judgment shall be and hereby is entered as follows:

Defendants are entitled to summary judgment as a matter of law on each and every claim in the Complaint of Plaintiff. The Parties, as a part of their agreement to settle this action and dismiss all of their respective claims against each other, have stipulated, and based thereon the Court hereby finds, that there are no genuine disputes of material fact, and that Defendants' use of "Route 66" in or as the title of their adult, non-mainstream film entitled "Penthouse: Route 66" ("Defendants' Adult Film") is not confusingly similar to Plaintiff's use of its Marks in connection with its products featuring broadcast television series and related mainstream entertainment products. Specifically, the Court finds that Defendants' use of the phrase "Route 66" as part of the title of its Adult Film is not likely to cause confusion as to the source, origin or association of its Film with Plaintiff, its Route 66 Marks or its products bearing such Marks, under the applicable legal test for likelihood of confusion, including, without limitation, the factors deemed relevant by the Ninth Circuit Court of Appeals in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (1979), and in particular: 1) the similarity (or dissimilarity) of the parties' respective "Route 66" goods, 2) the lack of proximity of the parties' goods in commerce, 3) the differing marketing channels used, 4) the lack of any likelihood of expansion of the parties' respective product lines into the lines of the other, 5) no actual confusion and 6) no evidence of wrongful intent.

To the extent this Final Judgment is inconsistent with the Order and/or the Judgment, the terms of this Final Judgment shall control; to the extent the Judgment and Order and the Court's opinion are not inconsistent with this Final Judgment, they

3

[PROPOSED] STIPULATED FINAL JUDGMENT

shall remain in full force and effect. **The Final Judgment is intended to be a Final and conclusive Judgment as to all claims raised in Plaintiff's Complaint and Defendants' counterclaims, and as such, to be a final adjudication with respect to all such claims that were raised or could have been raised between the parties to this litigation.**

THEREFORE, IT IS ORDERED AND ADJUDGED that Final Judgment is hereby entered in favor of Defendants on each and all of Plaintiff's claims, that Plaintiff shall recover nothing and take nothing by this action, that the entire Complaint is dismissed with prejudice on the merits, that pursuant to stipulation of the parties, Defendants' Counterclaims also are dismissed with prejudice, that Defendants are the prevailing parties on all claims in the Plaintiff's Complaint, and that neither Plaintiff nor Defendants shall recover any damages, costs or fees from the other, and that such Judgment be final and binding and not subject to any appeal or any collateral attack in any other proceeding.

DATED: June 08, 2011  _____
Judge, United States District Court